1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLGA FISENKO, *et al.*,

                   Plaintiffs,

   v.

FLOR TORRES, *et al.*,

                   Defendants.

CASE NO. 3:25-cv-05365-KKE-GJL

ORDER DECLINING SERVICE
AND TO SHOW CAUSE

13

14

15

16

17

18

19

20

21

       Plaintiffs Olga Fisenko, proceeding *pro se* and on behalf of her brother, Plaintiff

Vladimir Nikolenko, initiated what she identifies as a civil rights action under 42 U.S.C. § 1983,

42 U.S.C. § 1985, Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure, *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and "related

constitutional doctrines." Dkts. 1, 4. The filing fee has been paid. *See* Dkt. Having reviewed and

screened the Complaint under 28 U.S.C. § 1915A, the Court **DECLINES** to serve the Complaint

and, instead, **DIRECTS** Plaintiffs to **SHOW CAUSE** why the claims should not be raised in a

habeas corpus petition filed solely by Plaintiff Nikolenko rather than a civil rights action filed by

both Plaintiffs.

22

23

24

---

[1] Damages actions against federal officials for Constitutional violations must be brought under *Bivens*, which is the judicially crafted counterpart to 42 U.S.C. § 1983 that is virtually identical except for the replacement of a state actor with a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

## I.    BACKGROUND

This action was initiated on April 30, 2025.[2] *See* Dkt. 4. While the Court references both Plaintiffs, it is important to note that all filings in this action are signed by Plaintiff Fisenko only—either on her own behalf or *on behalf of* Plaintiff Nikolenko. Plaintiff Fisenko is an individual currently residing in Brush Prairie, Washington, while her brother, Plaintiff Nikolenko, is a state prisoner currently incarcerated at Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. *See id*.

In the Complaint, Plaintiffs allege Defendants, a mix of ostensible state and federal officials, violated their federal constitutional rights in connection with the criminal conviction of Plaintiff Nikolenko in Clark County Superior Court. *See id*. Plaintiffs request declaratory and injunctive relief, and damages. *Id*.

## II.    SCREENING STANDARD

Because this action was filed listing Mr. Nikolenko, an incarcerated individual, as a Plaintiff, the Court will review and screen the Complaint under 28 U.S.C. § 1915A.

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[2] On May 2, 2025, Plaintiff Fisenko filed a Motion to Accept Late Filing *Nunc Pro Tunc*, which the Court construes as a Motion for Leave to File an Amended Complaint. *See* Dkt. 5. Upon review, the Court **GRANTS** the Motion. Dkt. 5. The Complaint at Dkt. 4 shall serve as the operative Complaint in this action.

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 2

1    The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.

2  97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim

3  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be

4  simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to

5  relief beyond the speculative level and must provide "more than labels and conclusions, and a

6  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

7  550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must

8  set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83

9  (2009).

10    After screening a *pro se* complaint, the Court must generally grant leave to file an

11  amended complaint if there is a possibility the pleading deficiencies may be cured through

12  amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698

13  F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without

14  leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be

15  cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.

16  1988)). However, if the claims put forth in the complaint are frivolous or lack any arguable

17  substance in law or fact, then the Court should dismiss the complaint without leave to amend. 28

18  U.S.C. § 1915A(b); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (claims properly dismissed as

19  frivolous under the PLRA are "those claims whose factual contentions are clearly baseless" and

20  "claims describing fantastic or delusional scenarios").

21  //

22  //

23

24

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 3

## III.    DISCUSSION

Having reviewed the Complaint, the Court notes the following deficiencies.

### A.    Plaintiff Vladimir Nikolenko

Initially, the Court notes that Plaintiff Fisenko purports to file this action on behalf of herself *and her brother*, Mr. Nikolenko. *See* Dkts. 1, 4, 5–8. However, Plaintiff Fisenko filed this action *pro se* and only Plaintiff Fisenko signed the Complaint. *See* Dkt. 4-1 at 121; Dkt. 4-2 at 121 (document signed as "/s/ Olga Fisenko, Olga Fisenko, attorney-in-fact for Plaintiff Vladimir Nikolenko"). The Ninth Circuit has made clear that a *pro se* litigant has no authority to appear as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Because Plaintiff Fisenko has not shown she is an attorney authorized to serve as her brother's legal representative in this case, any claims she has asserted on his behalf are not properly before the Court.[3]

The same is true with respect to any Motion Plaintiff Fisenko has filed on her brother's behalf. For instance, Plaintiff Fisenko has filed a Motion to Sever, requesting the Court open a separate case for her brother, Mr. Nikolenko, using the Complaint already docketed in this case to open the new case while proceeding here with Plaintiff Fisenko as the sole named Plaintiff. *See* Dkt. 10. However, as with the Complaint, Plaintiff Fisenko appears to be filing the Motion to Sever on behalf of herself *and* Mr. Nikolenko. *See id*. Because Plaintiff Fisenko does not have

---

[3] Additionally, it is not apparent that Plaintiff Fisenko has established standing in this case. *See Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). Standing is determined as of the commencement of litigation. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1171 (9th Cir. 2002). At a "constitutional minimum," standing requires proof (1) that the plaintiff suffered an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) of a causal connection between that injury and the complained-of conduct, and (3) that a favorable decision will likely redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The party invoking federal jurisdiction bears the burden of establishing these elements. *Id.* at 561.

authority to represent her brother, the Court cannot grant the relief she seeks, as it would

terminate Mr. Nikolenko as a Plaintiff in this case purportedly without his concurrence. As such,

the Motion to Sever is **STRICKEN**. Dkt. 10.

In addition to the Motion to Sever, Plaintiff Fisenko has filed a number of other Motions,

again filed on behalf of herself *and* Plaintiff Nikolenko. *See* Dkts. 7, 11, 12, 14. For the reasons

set forth above, these Motions (Dkts. 7, 11, 12, 14) are **STRICKEN**.

**B.      General Deficiencies in the Complaint**

As to the allegations set forth in the pleading itself, the Court finds the Complaint is

generally deficient because it does not comply with the requirements of Rule 8(a). More

specifically, the Complaint does not contain a short and plain statement of Plaintiffs' claims and,

instead, is a 121-page document with attachments for a total of 254 pages, naming 73

Defendants. Dkt. 4. The 121-page Complaint is drafted in what Plaintiffs characterize as five

"tiers," with each "tier" subdivided into further sections. *Id*. at 3–4. The Complaint is then

further subdivided into eleven counts, which are themselves subdivided. *Id*. at 13–116. Notably,

these "tiers," counts, and sub-counts do not set forth allegations against each of the 73 named

Defendants.[4] *See* Dkt. 4. Rather, examining the Complaint in its entirety, it appears to contain a

vast array of general allegations relating to the investigation into offenses committed by Plaintiff

---

[4] Plaintiffs set forth 12 categories of Defendants: (1) "Civilian Defendants," (2) "Law Enforcement and Related Personnel," (3) "Prosecutors," (4) "Defense Attorneys and Investigators," (5) "Judges, Clerks, and Court Personnel," (6) "Local and State Institutional Defendants," (7) "Federal Defendants," (8) "Institutional Medical Defendants and Respondent Superior," (9) "King County Actors (Separate Case Involvement)," (10) "Separate Case Civilian Actors," (11) Corporate or Private Entity Defendants (Non-Medical)," and (12) "DOE Participants." Dkt. 4 at 7–11. A number of these categories contain improperly named Defendants for this § 1983 action. However, because the Court is directing Plaintiffs to show cause why claims set forth in the Complaint should not be raised in a habeas corpus petition filed by Plaintiff Nikolenko, the Court need not discuss the nature of these 12 categories prior to a response to this Order to Show Cause. To that end, the Court notes the proper respondent for a § 2254 habeas corpus petition is the "state officer having custody" of the petitioner, which is ordinarily "the warden of the facility in which the petitioner is incarcerated." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 5

1  Nikolenko, as well as the convictions and sentence of Plaintiff Nikolenko for those offenses.

2  Because of this, the Court cannot discern civil rights allegations forming the factual basis of

3  Plaintiffs' claims against each Defendant.

4  **C.    Habeas Corpus versus § 1983 Action**

5      To the extent the Complaint represents a challenge to the criminal proceedings against

6  Plaintiff Nikolenko, such claims in the Complaint must be raised in a habeas corpus petition

7  rather than in a § 1983 complaint.

8      "Congress has determined that habeas corpus is the appropriate remedy for state prisoners

9  attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S.

10 475, 490 (1973). A habeas petition under 28 U.S.C. § 2254 would—after exhaustion of state

11 court remedies—be the appropriate vehicle to challenge confinement pursuant to a final

12 judgment of conviction. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser*, 411

13 U.S. at 498–99))("A civil rights action, in contrast, is the proper method of challenging

14 conditions of confinement.").

15     Here, the Complaint appears to challenge, at least in part, the fact of Plaintiff Nikolenko's

16 confinement and seeks his immediate release. *See* Dkt. 4. As expressly stated in the Complaint,

17 the violations set forth in the eleven counts relate to, among other things, the pretrial, trial, and

18 post-trial phases of Plaintiff Nikolenko's criminal proceedings in Clark County. *See id*. at 12.

19 This is further evidenced by the Complaint's "Prayer for Relief,"

20     This is not a case of negligence or oversight. This is a case of systemic fraud upon
21     the court, prosecutorial misconduct, deliberate suppression of evidence, and the
       unlawful detention of an innocent man.

22     The factual record shows not one isolated violation, but a coordinated failure of
       multiple institutions—spanning law enforcement, prosecution, defense, the
23     judiciary, and state and federal oversight bodies.

24

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 6

Plaintiff seeks not only relief for past harm but immediate correction of an ongoing constitutional injustice, including the release and full exoneration of Vladimir Nikolenko, who remains incarcerated under a conviction built on fabricated narratives, falsified records, and intentional concealment of exculpatory evidence.

Dkt. 4 at 118.

Accordingly, because Plaintiff Nikolenko appears to be challenging the fact of his custody and seeks immediate release, those claims are properly raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, not a § 1983 complaint.

## IV.    INSTRUCTIONS

Due to the deficiencies described above, the Court **WILL NOT SERVE** Plaintiffs' Complaint. Dkt. 4. Instead, if Plaintiffs intend to pursue this § 1983 civil rights action, they must **SHOW CAUSE** why the claims related to Plaintiff Nikolenko's state conviction and sentence should not be raised in a habeas corpus petition filed solely by Plaintiff Nikolenko rather than a civil rights action filed by both Plaintiffs. In addition, Plaintiff Fisenko must **SHOW CAUSE** why she should not be dismissed from this case, as the allegations in the Complaint appear to be related solely to the state criminal proceedings against Plaintiff Nikolenko and it does not appear Plaintiff Fisenko is authorized to prosecute such claims on his behalf.

//

//

//

ORDER DECLINING SERVICE AND TO SHOW CAUSE - 7

1        If Plaintiffs do not file a response to this Order or should they fail to adequately address the

2    issues raised herein on or before **August 6, 2025**, the undersigned will **RECOMMEND**

3    **DISMISSAL** of this action. The Court **WILL NOT ACCEPT** any filings signed only by Plaintiff

4    Fisenko that purport to be filed on behalf of Plaintiff Nikolenko. Both Plaintiffs are advised that

5    any such filings will be **SUMMARILY STRICKEN** from the record in this case.

6

7        Dated this 8th day of July, 2025.

8

9

10              Grady J. Leupold
           United States Magistrate Judge