1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

| OLGA FISENKO, et al.,<br><br>                     Plaintiff(s),<br>     v.<br><br>FLOR TORRES, et al.,<br><br>                     Defendant(s). | CASE NO. C25-5365-KKE-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |
| --- | --- |

12

13

14

15

16

17

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold (Dkt. No. 19), and Plaintiff Olga Fisenko's ("Fisenko") objections to the R&R (Dkt. No. 20). Having thoroughly considered Judge Leupold's R&R (Dkt. No. 19), Fisenko's briefing (Dkt. No. 16, 20), and the rest of the record, the Court adopts the R&R for the reasons explained below.

### I.    BACKGROUND

18

19

20

21

22

23

On April 30, 2025, Fisenko, proceeding pro se and on behalf of her brother, Plaintiff Vladimir Nikolenko ("Nikolenko"), brought this lawsuit under "42 U.S.C. § 1983, 42 U.S.C. § 1985, Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure, Bivens v. Six Unknown Named Agents, and related constitutional doctrines."  Dkt. No. 1, Dkt. No. 4 at 2.  The claims revolve around Nikolenko's state criminal trial.  *See generally* Dkt. No. 4.

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

On July 8, 2025, Judge Leupold declined to serve the Complaint, identifying two main deficiencies. Dkt. No. 15. First, noting that filings were entered only by Fisenko, Judge Leupold cautioned that "a *pro se* litigant has no authority to appear as an attorney for others." *Id.* at 4 (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Second, Judge Leupold explained that the Complaint improperly asserted challenges to Nikolenko's incarceration through a § 1983 action instead of a habeas petition pursuant to 28 U.S.C. § 2254. *Id.* at 6–7. After explaining how the deficiencies could be cured, Judge Leupold ordered Plaintiffs to show cause as to why the claims brought on behalf of Nikolenko should not be raised in a habeas petition, and why Fisenko should not be dismissed from the case. Dkt. No. 15 at 7.

Fisenko subsequently moved for leave to file an amended complaint (Dkt. No. 16) which included her response to Judge Leupold's order to show cause (Dkt. No. 16-2). In reviewing the amended complaint and Fisenko's response, Judge Leupold found the deficiencies remained. Namely, Fisenko continued to allege claims on behalf of her brother, despite claiming to assert claims only on behalf of herself, and the claims pertaining to Nikolenko must be brought in a habeas petition, not a § 1983 lawsuit. Dkt. No. 19 at 7. Judge Leupold also noted that any claims for reputational injuries asserted by Fisenko "are more appropriately brought under a state law cause of action in state court." Dkt. No. 19 at 8. Judge Leupold therefore recommended denying Plaintiffs' motion for leave to amend the complaint (Dkt. No. 16), dismissing the case, and denying Fisenko's motion to appoint counsel (Dkt. No. 17) and motion for extension of time to serve Defendants (Dkt. No. 18) as moot. On September 22, 2025, Fisenko filed objections to the Report and Recommendation. The matter is now ripe for decision. *See* Dkt. Nos. 19, 20.

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

## II.   ANALYSIS

### A.   Legal Standard

Under Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition[.]" Fed. R. Civ. P. 72(b)(3).

"A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Even so, after a pro se litigant is given instructions on how to cure deficiencies in the complaint, a district court may properly dismiss the case without leave to amend if the deficiencies remain. *Swearington v. Cal. Dep't of Corr. & Rehab.*, 624 F. App'x 956, 958–59 (9th Cir. 2015).

### B.   The proposed second amended complaint does not cure the deficiencies in the complaint.

Fisenko objects to Judge Leuopold's recommendations on four bases: (1) Fisenko has standing because she "suffered direct and personal harms" (Dkt. No. 20 at 2); (2) Fisenko alleges federal constitutional violations (*id.* at 2–3); (3) amendment of the complaint is not futile because she cured deficiencies previously identified by Judge Leupold (*id.* at 3); and (4) the record establishes misconduct (*id.*). Because the only federal claims asserted should be brought by Nikolenko in a habeas petition, and Fisenko has not cured the deficiencies previously identified by Judge Leupold, the Court overrules Fisenko's objections, and adopts the Report and Recommendation.

1

2

       1.   <u>Federal claims alleged should be brought in a habeas petition by Nikolenko, not</u>

           <u>Fisenko.</u>

3

4

5

6

7

8

9

10

11

      Fisenko's proposed amended complaint is fashioned as a "civil rights complaint" brought pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 16-1.  Though presented as "separat[ing] all claims personal to Ms. Fisenko from any habeas-based relief concerning her brother" "in compliance with the Court's directive," the amended complaint suffers the same deficiencies as the original.  Dkt. No. 16-2 at 2.  As an initial matter, any possible federal claims, on the facts alleged, belong to Nikolenko rather than Fisenko.  Seemingly recognizing this, when explaining the "federal constitutional violations" in her objections to the R&R, Fisenko notes that "the trial court's exclusion of U-Visa cross-examination violated [Nikolenko's] constitutional right to present a defense."  Dkt. No. 20 at 3.

12

13

14

15

16

17

18

19

20

21

22

23

24

      Moreover, every count in the proposed amended complaint is tethered to some stage of Nikolenko's underlying state criminal proceedings.  *See generally* Dkt. No. 16-1.  For example, Count 7, titled "Suppression of Torres' Retaliation Threats and Timeline Contradictions, Including Police Report Inconsistencies"—while fashioned as a claim related to Fisenko—objects to the effects of the alleged wrongdoing on Nikolenko's trial.  *See* Dkt. No. 16-2 at 20 (alleging that mistakes in police report were "never corrected, and the jury was not informed of the contradiction.").  Allegations of harm related to Nikolenko's state criminal proceedings, rather than discrete harms faced by Fisenko, permeate the complaint.  *See, e.g.*, Dkt. No. 16-2 at 20, 21, 25 (Count 8: Fisenko submitted oversight protocols and disciplinary logs to defense counsel but "none were introduced at trial"; Count 9: despite Fisenko sharing evidence with counsel, they "made no effort to integrate [it] into her testimony" causing her to be "silenced through evidentiary exclusion"; Count 10: an "omission of [] exculpatory material … enabled the jury to assume a false continuity in Torres' accusations"; Count 26: entitled "Systematic Exclusion of Plaintiff from

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

1   Trial Participation" which included "den[ying] [Plaintiff] the ability to assist in defense

2   preparation" and "removing [Plaintiff] from the trial narrative").  To the extent Plaintiffs wish to

3   challenge issues related to Nikolenko's incarceration, as Judge Leupold has now twice explained,

4   the proper avenue is a habeas petition brought by Nikolenko, not Fisenko.  *See Preiser v.*

5   *Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the

6   appropriate remedy for state prisoners attacking the validity of the fact or length of their

7   confinement").

8       2.  Any reputational injury Fisenko wishes to assert must be brought in state, not federal,

9           court.

10  The Court notes that Fisenko alleges reputational harms that she herself suffered as the

11  result of her participation in her brother's trial and alleges they support a claim under § 1983.  In

12  the Ninth Circuit, "[d]amage to reputation alone is not actionable under § 1983" unless the

13  reputational harm is tethered to some federally derived right.  *Hart v. Parks*, 450 F.3d 1059, 1069

14  (9th Cir. 2006).  Reputational harm claims may proceed under § 1983 when a plaintiff: (1) shows

15  the reputational injury "was inflicted *in connection with* the deprivation of a federally protected

16  right[;]" and (2) the reputational injury "*caused* the denial of a federally protected right."  *Id.* at

17  1070 (emphasis in original).  Fisenko has asserted no federal rights as to herself, so she cannot

18  allege damage to reputation under federal law.  Thus, if Fisenko wishes to pursue claims of

19  reputational damage, as Judge Leupold previewed, she must do so in state court.  *See* Dkt. No. 19

20  at 8.

21  Because the deficiencies in the complaint cannot be cured through amendment, and Judge

22  Leupold previously explained the above-described deficiencies, the Court adopts the R&R in its

23  entirety, and dismisses the action without leave to amend.

24

### III.   CONCLUSION

The Court, having reviewed the R&R of Magistrate Judge Grady J. Leupold (Dkt. No. 19), objections to the R&R (Dkt. No. 20), and the remaining record, does find and ORDER:

(1)      The Court ADOPTS the R&R (Dkt. No. 19);

(2)      Plaintiffs' Motion for Leave to File an Amended Complaint (Dkt. No. 16) is DENIED. All remaining pending Motions (Dkt. Nos. 17, 18) are DENIED as moot.  This case is DISMISSED.

(3)      The Clerk is directed to send copies of this Order to Plaintiffs and to the Hon. Grady J. Leupold, and to close the case.

Dated this 28th day of October, 2025.

Kymberly K. Evanson
United States District Judge