UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLGA FISENKO, et al.,<br>           Plaintiff(s),<br>    v.<br>FLOR TORRES, et al.,<br>           Defendant(s). | CASE NO. C25-5365-KKE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiff Olga Fisenko, representing herself, has filed a motion requesting that the Court reconsider its order adopting Judge Leupold's Report and Recommendation and dismissing this case (Dkt. No. 24). *See* Dkt. Nos. 25, 26.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3D ED. 2000)). The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1)–(2). Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought

ORDER DENYING MOTION FOR RECONSIDERATION - 1

through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012). "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

Upon review of Plaintiff's motion, the Court finds no manifest error. *See Gaskill*, 2012 WL 13026648, at *1 (a manifest error is "an error that is plain and indisputable"). Fisenko's motion—which again centers her brother's state criminal case rather than any harms that she allegedly suffered—ignores previous explanations (Dkt. Nos. 15, 19, 24) of her complaint's deficiencies, and introduces no new facts or evidence that cure them. Specifically, Fisenko points to a Washington state court mandate issued in her brother's criminal case on November 6, 2025 which rendered her brother's "conviction fully reversed and appellate review concluded[.]" Dkt. No. 26 at 1–2. She asserts the "newly finalized appellate authority … fundamentally changes the assumptions underlying the Court's October 28, 2025 dismissal." Dkt. No. 25 at 1. Fisenko is incorrect. The Court's prior order was not dependent upon the validity of her brother's criminal conviction, and the reversal of that conviction does not undermine the basis for it. If anything, the reversal appears to moot the majority of Fisenko's allegations, which concerned alleged errors in her brother's trial.

In sum, the Court has considered Plaintiff's motion to reconsider and concludes she fails to identify a manifest error or new facts or evidence that could not have been brought to the Court's attention earlier. Accordingly, the Court DENIES Plaintiff's motion for reconsideration. Dkt. Nos. 25, 26. This case remains closed.

Dated this 8th day of December, 2025.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2